COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS.        2-04-516-CR
                2-04-517-CR
 
  
DAVID 
WILLIAM MCCOLLUM                                                 APPELLANT
A/K/A 
DAVID WAYNE MCCOLLUM
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
David William McCollum a/k/a David Wayne McCollum appeals from his convictions 
for aggravated assault with a deadly weapon and unlawful possession of a firearm 
by a felon. In his sole point Appellant complains that the trial court erred 
when it denied his motion for mistrial after the State’s improper closing 
argument. We affirm.
Background 
Facts
        Joe 
Wheat had been living with Holly Mitchell for approximately eleven years. 
Mitchell used methamphetamine on a daily basis. Eventually, Mitchell became 
romantically involved with Amanda Trujillo. Appellant, Mitchell, and Trujillo 
would use methamphetamine together. It was during a period of drug use that 
Appellant, Mitchell, and Trujillo devised a plan to kill Wheat. Trujillo was 
going to give Appellant her Chevrolet Cavalier as payment for killing Wheat. 
Wheat testified that he was asleep in his home when he woke up and saw someone 
standing outside his bedroom window. He went to the window and saw a gun 
pointing in his face. He grabbed the gun and it fired. Wheat quickly determined 
that neither he nor Mitchell had been hurt. Another shot then went off from 
further away from the house, again not hitting either Wheat or Mitchell.
        Appellant 
was subsequently charged with aggravated assault with a deadly weapon and 
unlawful possession of a firearm by a felon. The jury found Appellant guilty of 
each offense and assessed his punishment at sixty years’ imprisonment for 
aggravated assault with a deadly weapon, and twenty years’ imprisonment with a 
$10,000 fine for unlawful possession of a firearm by a felon. The sentences are 
to run concurrently.
Jury Argument
        In 
his sole point on appeal, Appellant contends that the trial court erred when it 
denied his motion for mistrial. During the guilt-innocence phase of the trial, 
the prosecutor made the following closing argument:
   
If you take anything away from this trial, you--you--everybody is impressed on, 
everybody that comes in contact with it, it’s just the--the effect that drugs 
has on our community.  And, of course, this defendant is right there in the 
middle of it, cooking dope out there in B.R.A.  He’s got so much 
of it he’s just giving it away. [Emphasis added.]
 
 
The 
trial court sustained Appellant’s objection and instructed the jury to 
disregard the prosecutor’s comment, but overruled Appellant’s motion for 
mistrial.
        To 
be permissible, the State's jury argument must fall within one of the following 
four general areas: (1) summation of the evidence; (2) reasonable deduction from 
the evidence; (3) answer to argument of opposing counsel; or (4) plea for law 
enforcement. Felder v. State, 848 S.W.2d 85, 94-95 ( Tex. Crim. App. 
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493 
S.W.2d 230, 231 (Tex. Crim. App. 1973).
        Assuming 
without deciding that the complained of jury argument did not fall within one of 
these areas, we will address whether the trial court abused its discretion in 
denying Appellant’s motion for mistrial. See Hawkins v. State, 135 
S.W.3d 72, 77 (Tex. Crim. App. 2004). Only in extreme circumstances, where the 
prejudice caused by the improper argument is incurable, i.e., "so 
prejudicial that expenditure of further time and expense would be wasteful and 
futile," will a mistrial be required. Id.; see also Simpson v. 
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 124 
S. Ct. 2837 (2004). An instruction to the jury to disregard an improper jury 
argument is generally sufficient to cure error. Shannon v. State, 942 
S.W.2d 591, 597 (Tex. Crim. App. 1996).
        In 
determining whether the trial court abused its discretion in denying the 
mistrial, we consider: (1) the severity of the misconduct (prejudicial effect), 
(2) curative measures, and (3) the certainty of conviction absent the 
misconduct. Hawkins, 135 S.W.3d at 77; Mosley v. State, 983 S.W.2d 
249, 259 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 
1070 ( 1999).
        Appellant 
argues that the prosecutor’s closing argument injected prejudicial facts 
suggesting that Appellant was “cooking dope” and that these facts were 
outside the record, and that the improper argument had a substantial and 
injurious effect or influence on the jury's verdict. Even assuming the argument 
was improper, when considering the entire record, including the severity of the 
misconduct, the curative measures taken by the trial court, and the certainty of 
Appellant's conviction, we cannot say that the prosecutor’s remarks were so 
prejudicial or so extreme that Appellant’s substantial rights were affected. 
In fact, the jury had previously heard testimony that Trujillo, Mitchell, and 
Appellant would use methamphetamine together. Trujillo testified that Appellant 
had given her drugs and had given drugs to other people in the neighborhood. 
When Trujillo was asked if she knew Appellant was making the drugs, she stated, 
“I assumed that.” Further, the trial court, in response to a request by 
Appellant’s counsel, promptly instructed the jury to disregard the 
prosecutor’s remark regarding “cooking dope.”
        We 
conclude, under the circumstances of this case, that the trial court’s 
instruction to disregard was effective and cured the prejudice, if any, caused 
by the prosecutor’s comment. Accordingly, we hold that the trial court did not 
abuse its discretion when it denied Appellant’s motion for mistrial. See 
Hawkins, 135 S.W.3d at 77; Mosely, 983 S.W.2d at 259.
        We 
overrule Appellant’s sole point and affirm the trial court’s judgments.
  
  
                                                                  PER 
CURIAM
 
 
PANEL 
F: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 8, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.